IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 24-cv-01731-SKC-STV

JUAN ARIAS RAMIREZ,

    Plaintiff,

v.

DOMINO'S PIZZA SUPPLY CHAIN; and
SCOTT KNAPP, in his capacity as Supply Chain Director,

    Defendants.

## ORDER

Before the Court is the Recommendation of United States Chief Magistrate Judge Scott T. Varholak (Dkt. 61) to grant Defendants' Amended Motion to Compel Arbitration and Dismiss Complaint (Dkt. 23). Plaintiff has filed Objections to the Recommendation (Dkt. 62), and Defendants filed a Response to Plaintiff's Objections (Dkt. 64).[1] For the reasons shared below, the Court accepts the Recommendation and incorporates it into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

---

[1] Plaintiff also subsequently filed a "Response In Support of His Objections to the Report and Recommendation by the Magistrate Judge." Dkt. 65. But this additional response, even if liberally construed as a reply to Defendants' response, is not allowed under the Federal Rules of Civil Procedure without first obtaining leave of court. *See* Fed. R. Civ. P. 72(b)(2). This additional response is stricken.

1

## A. LEGAL PRINCIPLES

### 1. Review of a Magistrate Judge's Recommendation

Under Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of a magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### 2. Treatment of a Pro Se Plaintiff's Pleadings

A pro se litigant's pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But a pro se litigant must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on behalf of a pro se litigant. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se litigant's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as the pro se litigant's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## B. BACKGROUND

As set forth more fully in the Recommendation, Plaintiff is an Afro-Hispanic male who was born in the Dominican Republic. He is a former employee of Defendant Domino's Pizza Supply Chain ("Domino's Pizza"), having initially been hired as a warehouse manager in Missouri in December 2021, before being transferred to the Colorado supply chain center in October 2022. In Colorado, Plaintiff held dual titles of Center Administrator and Customer Service Manager.

In October and November 2022, Plaintiff uncovered various misconduct by Domino's Pizza and its employees, including theft and the shipping of expired products. Between November 2022 and April 2023, Plaintiff continued to observe incidents of misconduct by his supervisor, Dani Rich, and others, to include their alleged discriminatory conduct directed at female and racial minority employees. As a result of this conduct, complaints of discrimination at the Colorado supply chain center increased, and many of the employees reported to Plaintiff their own experiences of discrimination and harassment at the facility. Plaintiff, in turn, reported certain of these incidents to management.

In May 2023, Domino's Pizza terminated Plaintiff's employment. Its representative told Plaintiff he was being terminated due to comments Plaintiff made and because he used his personal phone for work. Later, Plaintiff sent Domino's Pizza a letter dated February 27, 2024, indicating he intended to pursue claims against the company after receiving his right-to-sue letter from the Equal Employment

3

Opportunity Commission. Dkt. 28, p.12. On March 4, 2024, lawyers for Domino's Pizza wrote Plaintiff to remind him that "as part of your employment with Domino's Pizza LLC you signed an Arbitration Agreement, attached hereto, and agreed to bring any such claims . . . in arbitration." Dkt. 28, p.12.[2] The letter added: "Nothing contained in or omitted from this letter is or shall be deemed to be a limitation, restriction, or waiver of any rights or remedies, either at law or in equity, in connection with any of the matters raised in this letter, all of which are expressly reserved." *Id.*

After exhausting his administrative remedies, on April 7, 2024, Plaintiff paid a $350 filing fee to the American Arbitration Association® and commenced an arbitration against Domino's Pizza and Scott Knapp, both Defendants here. Dkt. 65, pp.13-14; Dkt. 56, p.3. In his Demand for Arbitration, Plaintiff described the nature of his claims as follows:

> This is an employment discrimination action brought under (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. under the protected classes of national origin, race and sex. Also under (2) 42 U.S.C. 1981 ("Section 1981") and (3) Retaliation under the Fair Labor Standards Act 28 U.S.C. (4) Title VII under the same protected classes and (5) under 42 U.S.C. 1981 ("Section 1981").

Dkt. 65, p.13. The parties selected an arbitrator and then agreed to stay the arbitration based on Plaintiff's filing of this lawsuit. Dkt. 56, p.4.

---

[2] The same March 4, 2024 Letter also appears in the docket at Dkt. 62, p.12 and Dkt. 65, p.16. The letter is misdated with the year 2023.

4

Plaintiff filed this lawsuit on June 21, 2024. He brings seven claims for relief: (1) disparate treatment based on race under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) disparate treatment based on national origin under Title VII; (3) disparate treatment under 42 U.S.C. § 1981 ("Section 1981"); (4) retaliation based on complaints of race discrimination under Title VII; (5) retaliation under Section 1981; (6) retaliation under the Fair Labor Standards Act (FLSA); and (7) retaliation under Title VII for reporting sexual harassment.

## C. ANALYSIS

### 1. The Magistrate Judge's Recommendation

Judge Varholak recommends granting Defendants' Amended Motion to Compel Arbitration and Dismiss Complaint (Dkt. 23) because he found Plaintiff's claims are subject to a valid and enforceable arbitration agreement between the parties. He noted that Plaintiff does not dispute signing the arbitration agreement, but instead, Plaintiff asserts his Complaint is not subject to arbitration because his seventh claim involves a complaint of sexual harassment, which is exempted from arbitration under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (EFAA). 9 U.S.C. § 402(a).

Judge Varholak found the plain language of the EFAA rendered it applicable to Plaintiff's seventh claim. *Id.* at § 402(b) ("The applicability of this chapter to an agreement to arbitrate and the validity and enforceability of an agreement to which this chapter applies shall be determined by a court[.]"). Plaintiff's seventh claim

5

alleges that Defendants retaliated against him because he reported the sexual harassment endured by his colleagues. Finding Plaintiff's assertion that he was retaliated against for reporting sexual harassment falls under Title VII's opposition clause, Judge Varholak concluded Plaintiff stated a plausible claim for sexual harassment and that the seventh claim falls within the EFAA; therefore, Plaintiff was otherwise not compelled to arbitrate that claim. Dkt. 61, p.9-12.

But Judge Varholak then agreed with Defendants that because Plaintiff initially pursued this claim, along with his other claims, in arbitration, he cannot now change course and pursue those same claims in federal court. He noted that the EFAA provides that an arbitration agreement can be deemed unenforceable "at the election of the person alleging conduct constituting a sexual harassment dispute[.]" 9 U.S.C. § 402(a). And he found that Plaintiff exercised his election when he chose to pursue each of his claims in arbitration. *See Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022). The Plaintiff having made his election, Judge Varholak respectfully recommends that this Court grant the motion to compel and stay this matter pending arbitration.

**2.     Plaintiff's Objections**

Plaintiff filed written objections to the recommendation raising five objections summarized as follows: (1) the magistrate judge erred in considering Domino's Pizza's March 4, 2024 Letter as new evidence which he refused to consider; (2) the magistrate judge used "a subjective standard instead of the objective standard when determining

6

that the Defendant referred to his own waiver of rights and not that of both parties;" (3) the magistrate judge "interpreted the Defendant's bait and switch; telling the plaintiff that they were open to mediation and then waiting 30 days to say were (sic) not as an 'outcome';" (4) the magistrate judge "ignored changes in controlling law and the persuasive authority" in *Ding v. Structure Therapeutics, Inc.*, No. 24-cv-01368-JSC, 2024 WL 4609593 (N.D. Cal. Oct. 29, 2024); and (5) the magistrate judge did not "differentiate the Sex discrimination & Sex retaliation named in the request for arbitration . . . from the Sexual Harassment retaliation named as charge 7th (sic) on the complaint." Dkt. 62, p.2.

### a.    Objections 1 - 3

The Court understands Plaintiff's first three objections to involve Judge Varholak's treatment of the March 4, 2024 Letter. In its entirety, the Letter reads:

Dear Mr. Arias Ramirez:

As you know, we represent Domino's Pizza LLC. We are writing in response to your February 27, 2024 correspondence and indication that you intend to proceed with your claims after receiving a right-to-sue letter from the Equal Employment Opportunity Commission. As a reminder, as part of your employment with Domino's Pizza LLC you signed an Arbitration Agreement, attached hereto, and agreed to bring any such claims against Domino's Pizza LLC in arbitration.

Nothing contained in or omitted from this letter is or shall be deemed to be a limitation, restriction, or waiver of any rights or remedies, either at law or in equity, in connection with any of the matters raised in this letter, all of which are expressly reserved. We look forward to your cooperation. Please contact me directly if you have any questions about this matter.

Very truly yours,

7

>       /s/ Micah D. Dawson
>       For FISHER & PHILLIPS LLP

Dkt. 62, p.12.

Plaintiff first attached the Letter as an exhibit to his August 6, 2024 Motion to Void Defendants Motion to Compel Arbitration. Dkt. 28. Judge Varholak liberally construed that motion as Plaintiff's Response to Defendants' Amended Motion to Compel Arbitration. Dkt. 33. Later, after Judge Varholak first issued his Recommendation to grant the Amended Motion to Compel and dismiss this case (Dkt. 55), Plaintiff filed a Motion for Reconsideration of the Recommendation (Dkt. 56). He again attached the Letter as an exhibit to his motion. Dkt. 56, p.16. Judge Varholak granted Plaintiff's motion for reconsideration insofar as Plaintiff sought a stay pending arbitration (rather than his prior recommendation of dismissal), he denied it insofar as his recommendation compelling arbitration, and he entered a revised Recommendation (Dkt. 61) accordingly. Concerning the Letter, Judge Varholak stated: "Plaintiff argues reconsideration is appropriate where . . . Defendant sent Plaintiff a letter indicating that pursing arbitration would not constitute a waiver of rights[.] [T]he Court understands Defendant's letter to refer to its own rights, not Plaintiff's. And, regardless, a Rule 59(e) motion "is not appropriate to . . . advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d [1005,] 1012 (10th Cir. 2000)." Dkt. 59.

Plaintiff's first three objections surround Judge Varholak's handling of the Letter. These objections are overruled. Even assuming Judge Varholak mistakenly

8

overlooked Plaintiff's attachment of the Letter to his Response (Dkt. 28) opposing the Amended Motion to Compel, the error is harmless in light of this Court's de novo review.

Plaintiff argues he understood the Letter "to mean that there would be a timely discussion of damages if he started the process with AAA." Dkt. 28, p.3. And he believed the reservation of rights and non-waiver language in the Letter's last paragraph applied to both him and Domino's Pizza. In other words, it meant that neither he nor Domino's Pizza would be deemed to have waived their right to sue in federal court by pursuing arbitration. Dkt. 62, pp.3-7. But Plaintiff's argument would result in a novation of the arbitration agreement because it would replace the parties' obligation to arbitrate their employment-related claims with the ability to file those claims in court even after commencing arbitration.

A novation is the replacement of an old or existing obligation with a new one. Novation, Black's Law Dictionary (12th ed. 2024). "A novation extinguishes a previously existing contract by substituting a new contract or obligation." *Phoenix Power Partners, L.P. v. Colo. Pub. Utils. Comm'n*, 952 P.2d 359, 364 (Colo. 1998). There are four requirements for a novation to exist: "(1) a previous valid contract[;] (2) agreement between the parties to abide by the new contract[;] (3) a valid new contract[;] and (4) extinguishment of the old contract by substitution of the new one." *Crew Tile Distrib., Inc. v. Porcelanosa Los Angeles, Inc.*, No. 13-cv-3206-WJM-KMT, 2016 WL 8609397, at *9 (D. Colo. Sept. 9, 2016) (citing *Moffat Cnty. State Bank v.*

9

*Told*, 800 P.2d 1320, 1323 (Colo. 1990)). When considering whether a novation exists, "a court can determine intent of the parties based on unambiguous terms set forth in a new agreement." *Nw. Bldg. Components, Inc. v. Adams*, No. 22-cv-00790-CMA-KLM, 2022 WL 1689293, at *4 (D. Colo. May 26, 2022) (citing *Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1237 (11th Cir. 2008)).

While the Court is sympathetic to Plaintiff's lack of legal training and his arguments for how his pro se status should factor into the Court's analysis of the Letter, the Court must be guided by the law, that is, the four requirements for novation noted above. *See, e.g., Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (cleaned up); *United States v. Ware*, 172 F.R.D. 458, 459 (D. Kan. 1997) (noting a pro se party's unfamiliarity with the legal system or ignorance of the law does not constitute excusable neglect). Considering those requirements, it is clear the Letter did not effectuate a novation of the valid and binding arbitration agreement. The Letter is not a contract.[3] The Letter merely reminded Plaintiff of his obligation to arbitrate his employment-related claims. There was no meeting of the minds between Domino's Pizza and Plaintiff that the non-waiver of rights referenced in the Letter pertained to both parties, and there

---

[3] The reservation of rights and non-waiver language in the Letter is standard language lawyers include in demand letters or other legal communications of this sort when prepared and sent on behalf of a client. The language merely operates as a reservation of a client's rights in a matter. It does not operate as a reservation of both parties' rights unless expressly indicated.

10

is no evidence the Letter extinguished the arbitration agreement. To the contrary, Plaintiff invoked the arbitration agreement by commencing arbitration, and the parties participated in the AAA process until that matter was stayed because of this lawsuit.

As a result, based on its de novo review, the Court finds the Letter did not novate the arbitration agreement. The Court, therefore, accepts Judge Varholak's finding that the arbitration agreement is a valid and enforceable contract.

### b.   Objection 4

For his fourth objection, Plaintiff argues Judge Varholak "ignored changes in controlling law and the persuasive authority" in *Ding v. Structure Therapeutics, Inc.*, No. 24-cv-01368-JSC, 2024 WL 4609593 (N.D. Cal. Oct. 29, 2024). "Controlling law" for this judicial district includes Tenth Circuit and Supreme Court precedent. *United States v. Rhodes*, 834 F. App'x 457, 462 (10th Cir. 2020) ("[D]istrict courts in this circuit are bound by our decisions and those of the United States Supreme Court—they are not bound by decisions of other district courts, much less district courts in other circuits."). Plaintiff does not identify any changes in Tenth Circuit or Supreme Court precedent that Judge Varholak ignored. And to the extent *Ding* serves as persuasive authority, it is a decision from another district that courts in this district are not required to follow.[4] *See id.; see also Camreta v. Greene*, 563 U.S. 692, 709 n.7

---

[4] Even were this Court to consider *Ding* as part of its de novo review, the *Ding* decision is distinguishable from this case. The court in *Ding* found that the arbitration commenced, and later withdrawn, by the plaintiff against her employer did not waive

11

(2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

Judge Varholak thoughtfully and thoroughly walked through his analysis of case law and his interpretation of the EFAA as applied to Plaintiff's seventh claim. The Court finds no error in Judge Varholak's analysis and application of applicable precedent, or in his analysis and treatment of persuasive authority. This objection is overruled.

c. **Objection 5**

For his fifth and final objection, Plaintiff argues Judge Varholak did not "differentiate the Sex discrimination & Sex retaliation named in the request for arbitration . . . from the Sexual Harassment retaliation named as charge 7th (sic) on the complaint." As the Court understands this objection, Plaintiff contends his demand for arbitration only included arbitration of his sex discrimination and sex retaliation claims, and did not include his claim for sexual harassment. But there was

---

her right to invalidate arbitration of her sexual discrimination and hostile work environment claims under the EFAA because, in relevant part, she did not include claims subject to the EFAA in her arbitration demand and she did not realize she had a sexual harassment claim until after reviewing discovery produced by her employer during arbitration. *Ding*, 2024 WL 4609593, at *10-11. That's different from here, where Plaintiff included his seventh claim for sexual harassment in his arbitration demand, thus supporting Judge Varholak's finding that Plaintiff elected to submit that claim to arbitration.

12

no need for Judge Varholak to make this distinction because Plaintiff conceded the point in his Response (Dkt. 28) opposing the Amended Motion to Compel.

As Plaintiff explained in his Response, he believed "there would be a timely discussion of damages if he started the process with AAA. The plaintiff started both an arbitration and a mediation through AAA jointly." Dkt. 28, p.3. He goes on to explain that "Plaintiff only started the AAA process because he was led to believe that cooperation meant a faster track to mediation and settlement of damages." *Id.*; *see also* Dkt. 56, p.3 (Plaintiff stating in his Motion for Reconsideration: "On March, 2024 Plaintiff received a notice of right to sue from EEOC, which gave the plaintiff 90 days to preserve his rights to a claim in Federal court. . . . Plaintiff cooperated in good faith; Filing a demand for mediation on April 4th, 2024 and a demand for arbitration on April 7th 2024."). These concessions indicate that Plaintiff elected to submit all his claims, including his sexual harassment claim, to arbitration in the hopes of an early settlement.

Notably, Plaintiff did not argue that his arbitration demand excluded his sexual harassment claim until *after* Judge Varholak issued his first Recommendation (Dkt. 55) to grant the Amended Motion to Compel. Plaintiff made this argument in his Motion for Reconsideration of the Recommendation, which Judge Varholak granted insofar as Plaintiff sought a stay pending arbitration (rather than dismissal), and he entered the revised Recommendation (Dkt. 61) now before the Court. However, up until his motion for reconsideration, and as noted in the above

13

paragraph, Plaintiff conceded he elected to submit all his claims to arbitration. And he made the same concession in his motion for reconsideration, again as noted above.

When ruling on the motion for reconsideration, Judge Varholak did not address Plaintiff's contrary argument that "he never submitted a claim for sexual harassment retaliation to AAA for adjudication." Dkt. 56, p.6. But implicit in his recommendation is a denial or rejection of this argument. This Court finds no error in Judge Varholak's treatment of this argument raised for the first time by Plaintiff in his motion for reconsideration.

"The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration." *Rivera v. Exeter Finance Corp.*, No. 15-cv-01057-PAB-MEH, 2019 WL 6173666, at *1 (D. Colo. Nov. 19, 2019) (citing *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995)). And the bases for granting reconsideration are extremely limited: "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

14

Plaintiff's argument in his motion for reconsideration—that he never submitted a claim for sexual harassment to AAA arbitration—does not satisfy any of the limited grounds for reconsideration. And it appears to be an argument Plaintiff could have raised in either his Response opposing the Amended Motion to Compel, or in his Sur-Reply (which Judge Varholak allowed). But he instead raised it for the first time in his motion for reconsideration after Judge Varholak issued his first recommendation.[5] For these reasons, including Plaintiff's earlier concessions regarding the claims he submitted to arbitration, the Court sees no error in Judge Varholak's failure to differentiate between Plaintiff's claims of sexual harassment and sexual discrimination or retaliation submitted to arbitration.

\*   \*   \*

For the reasons shared above, the Court OVERRULES the Objections (Dkt. 62), ACCEPTS the Recommendation (Dkt. 61), and GRANTS the Amended Motion to Compel Arbitration. (Dkt. 23). It is FURTHER ORDERED that this matter is STAYED pending the conclusion of the arbitration proceedings. It is FURTHER ORDERED that "Plaintiff's Response In Support of His Objections to the Report and Recommendation by the Magistrate Judge" (Dkt. 65) is STRICKEN.[6]

---

[5] Plaintiff did previously argue that either his case, or at least his sexual harassment claim, was not subject to arbitration because of the EFAA, but he did not argue that he omitted that claim from the underlying arbitration until his motion for reconsideration.

[6] *See supra*, n.1.

15

DATED: February 6, 2025.

BY THE COURT:

_____

S. Kato Crews
United States District Judge

16